**PENNSYLVANIA DEPARTMENT OF EDUCATION, Petitioner,**

v.

**PITTSBURGH POST–GAZETTE, Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 18, 2015.

Decided July 14, 2015.

Patrick C. Lord, Harrisburg, Assistant Counsel, for petitioner.

Frederick N. Frank, Pittsburgh, for respondent.

BEFORE: DAN PELLEGRINI, President Judge, and BERNARD L. McGINLEY, Judge (P.), and P. KEVIN BROBSON, Judge.

OPINION BY Judge P. KEVIN BROBSON.

The Pennsylvania Department of Education (PDE) petitions for review of the

---

Office of Open Records' (OOR) final determination granting the Pittsburgh Post–Gazette's (Requester) request for records under the Right–to–Know Law (RTKL).[1] For the reasons stated below, we reverse.

■ On August 5, 2014 the Requester filed a RTKL request (Request), seeking "[a]ll of the emails of Acting Secretary of Education Carolyn Dumaresq as they pertain to the performance of her duties as Acting Secretary since she was appointed on Aug. 25, 2014 [2] to date." (Reproduced Record (R.R.) 7a.) On August 8, 2014, PDE called Requester and asked that the Request be clarified "to enable [PDE] to identify with specificity the records being sought." (R.R. 13a.) On August 12, 2014, PDE issued an initial response, notifying Requester that PDE would require up to an additional thirty days to respond to the Request, as provided for in Section 902(b) of the RTKL.[3] By letter dated August 22, 2014, PDE again asked that Requester "clarify your request by providing more information about what records you are seeking, particularly since you request emails for a period of nearly one year." (R.R. 11a.) By letter dated August 25, 2014, Requester declined to clarify the Request. PDE issued its final response on September 11, 2014, denying the Request as insufficiently specific under Section 703 of the RTKL.[4]

Requester appealed PDE's denial to OOR on September 24, 2014. OOR issued a Notice of Appeal the next day, which notified Requester and PDE that any in-

---

1. Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101–.3104.

2. OOR noted that this "was a typographical error as it postdated the Request. [PDE] interpreted the Request to seek records from August 23, 2013 to the date of the Request and the Requester does not contest [PDE's] interpretation of the Request." (R.R. 48a.)

3. 65 P.S. § 67.902(b) (providing thirty-day extension for agency to respond to RTKL request).

4. 65 P.S. § 67.703 ("A written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested.").

formation or legal argument they wished to submit was due by 5:00 p.m. on October 6, 2014. PDE submitted supplemental information and argument by letter dated October 6, 2014. PDE argued that the Request lacked specificity because it did not specify a subject matter or individual correspondents. PDE further argued that if OOR found the Request was sufficiently specific, PDE should "be given an opportunity, following that determination, to fully prepare the records for review and redaction, and cite all applicable exemptions" and be allowed to require prepayment of fees if the estimate exceeds one hundred dollars. (R.R. 39a.) Requester submitted a reply to PDE's October 6, 2014 letter, which PDE objected to, as it was submitted on October 14, 2014, a week past the October 6, 2014 deadline. OOR declined to consider Requester's reply because it was submitted after the record closed.

OOR issued its final determination on October 24, 2014, in which it held: (1) the Request was sufficiently specific; (2) PDE could not seek prepayment of fees because it failed to include an estimate in its initial response; (3) PDE could not bifurcate the proceedings before OOR—*i.e.*, PDE was required to assert any applicable exemptions or privileges at the time of the appeal and could not seek to assert them after losing the specificity challenge; and (4) PDE failed to establish that any exemptions or privileges applied to the requested records. Thus, OOR granted Requester's appeal and ordered PDE to provide Requester with all responsive records within thirty days.

██ On appeal[5] to this Court, PDE argues: (1) the Request was insufficiently specific; (2) Requester's appeal to OOR was statutorily deficient; (3) OOR erred in ordering PDE to produce the responsive records without giving PDE a chance to review them and assert applicable exemptions and privileges; and (4) OOR erred in holding that PDE could not seek prepayment of fees.

██ "[T]he objective of the RTKL is to empower citizens by affording them access to information concerning the activities of their government." *Levy v. Senate of Pa.*, 619 Pa. 586, 65 A.3d 361, 381 (2013) (quotation marks omitted). Under the RTKL, a requester submits a request that "tells the agency what records he wants, and the agency responds by either giving the records or denying the request by providing specific reasons why the request has been denied." *Pa. State Police v. Office of Open Records*, 995 A.2d 515, 516 (Pa.Cmwlth.2010). The request must "identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested." Section 703 of the RTKL. "An open-ended request that gives an agency little guidance regarding what to look for may be so burdensome that it will be considered overly broad." *Montgomery Cnty. v. Iverson*, 50 A.3d 281, 283 (Pa.Cmwlth.2012) (en banc). The fact that a request is burdensome, however, is not sufficient in and of itself to deem the request overbroad. *Dep't of Envtl. Prot. v. Legere*, 50 A.3d 260, 265 (Pa.Cmwlth.2012).

██ When considering a challenge to the specificity of a request under Section 703 of the RTKL, this Court employs a three-part balancing test, examining the extent to which the request sets forth (1) the subject matter of the request; (2) the scope of documents sought; and (3) the timeframe for which records are sought.

---

**5.** On appeal from OOR in a RTKL case, this Court's standard of review is *de novo*, and our scope of review is plenary. *Bowling v. Office of Open Records*, 621 Pa. 133, 75 A.3d 453, 477 (2013).

*See Carey v. Dep't of Corr.*, 61 A.3d 367, 372 (Pa.Cmwlth.2013) ("Each [part of the request] specifies a subject matter, a finite timeframe and seeks a discrete group of documents, either by type, as communications, or by recipient, as in records provided to inmates in Part 5 [of the request]. The [r]equest is sufficiently specific to enable [the Department of Corrections] to assess which records are sought.").[6]

The subject matter of the request must identify the "transaction or activity" of the agency for which the record is sought. *See* Section 102 of the RTKL, 65 P.S. § 67.102 (defining a "record" under the RTKL as *"Information*, regardless of physical form or characteristics, *that documents a transaction or activity of an agency* and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency.") (emphasis added); *see also Mollick v. Twp. of Worcester*, 32 A.3d 859, 871 (Pa.Cmwlth.2011) (concluding request for emails "regarding any Township business and/or activities" insufficiently specific because it "fail[ed] to specify what category or type of Township business or activity" for which information was sought). The subject matter should provide a context to narrow the search. *See Iverson*, 50 A.3d at 284 ("There is no context within which the search may be narrowed. It is true that the [r]equest limits the emails sought to those that have one of fourteen terms in the subject line; however, some of these search terms, such as 'Trail,' are incredibly broad."); *Mollick*, 32 A.3d at 871 ("[I]t would place an unreasonable burden on an agency to examine all its emails for an extended time period *without knowing, with sufficient specificity, [to] what Township business or activity the request is related*.") (emphasis added); *see also Askew v. Office of the Governor*, 65 A.3d 989, 993–94 (Pa.Cmwlth.) (concluding that request seeking documents "related to the providing, relinquishment and acceptance of jurisdiction over [a particular] location" lacked specificity because legal research and analysis would be required to "ascertain that which is being requested"), *appeal denied*, 621 Pa. 660, 72 A.3d 604 (2013).

The scope of the request must identify "a discrete group of documents, either by type ... or by recipient." *Carey*, 61 A.3d at 372; *see also Legere*, 50 A.3d at 265 ("Legere has requested a clearly-defined universe of documents. There are no judgments to be made as to whether the documents are 'related' to the request. The documents either are or are not Section 208[7] determination letters. The documents either are or are not orders issued by DEP arising from Section 208 determination letters."). For example, in *Pennsylvania State Police*, we held that the part of the request seeking "any and all records, files or communications" related to vehicle stops, searches, and seizures was insufficiently specific under Section 703 of the RTKL, but that the portion of the request seeking a particular type of document—manuals related to vehicle stops, searches, and seizures—was sufficiently specific. *Pa. State Police*, 995 A.2d at 517. A request for a broad category of documents, such as all records, may be

---

6. We note that although it appears this Court has previously applied this three-part test, as in *Carey*, we have not explicitly laid out the test, stated that it was the test to be used in specificity challenges, or explained how the test should be applied. In the interest of clarity, we do so now.

7. "Section 208" refers to Section 208 of the Oil and Gas Act of 1984, Act of December 19, 1984, P.L. 1140, *as amended*, 58 P.S. § 601.208, repealed by the Act of February 14, 2012, P.L. 87.

sufficiently specific if confined to a particular recipient or recipients. *Compare Carey*, 61 A.3d at 372 (concluding request for "all records that were provided to the transferred inmates" was sufficiently specific because it sought "a discrete group of documents" limited by recipient), *with Iverson*, 50 A.3d at 284 (concluding request which "does not identify specific individuals, email addresses, or even departments, but requests any applicable emails sent from the County's domain to four other domains" was insufficiently specific).

 The timeframe of the request should identify a finite period of time for which records are sought. *See Carey*, 61 A.3d at 372. The timeframe prong is, however, the most fluid of the three prongs, and whether or not the request's timeframe is narrow enough is generally dependent upon the specificity of the request's subject matter and scope. *Compare Legere*, 50 A.3d at 265 (concluding request seeking "a clearly defined universe of documents" spanning almost four years was sufficiently specific), *with Mollick*, 32 A.3d at 871 (concluding request seeking all emails between Township Supervisors regarding any Township business or activity for a period of one-to-five years was insufficiently specific). Thus, failure to identify a finite timeframe will not render an otherwise sufficiently specific request overbroad. *See Pa. Hous. Fin. Agency v. Ali*, 43 A.3d 532, 536 (Pa.Cmwlth.2012) (concluding request for proposals and sales agreements relating to two specific projects which did not specify timeframe was sufficiently specific); *Pa. State Police*, 995 A.2d at 517 (holding request which did not contain timeframe for manuals relating to vehicle stops, searches, and seizures sufficiently specific). Likewise, an extremely short timeframe will not rescue an otherwise overbroad request, except for in the

most extraordinary circumstances. *See Easton Area Sch. Dist. v. Baxter*, 35 A.3d 1259, 1265 (Pa.Cmwlth.) (finding request for all emails sent or received by any school board member in thirty-day period to be sufficiently specific because of short timeframe), *appeal denied*, 617 Pa. 641, 54 A.3d 350 (2012).

Here, the Request seeks "[a]ll of the emails of Acting Secretary of Education Carolyn Dumaresq as they pertain to the performance of her duties as Acting Secretary" for approximately one year. (R.R. 7a.) Applying the three part test, we note that the Request identifies a finite timeframe of 347 days (August 23, 2013 to August 5, 2014), and limits the scope of the request—emails to and from Secretary Dumaresq. What the Request fails to specify, however, is the subject matter of the request—*i.e.*, the transaction or activity of the agency for which Requester seeks information. Requester argues that the subject matter of the Request is specific because it only seeks emails "as they pertain to the performance of her duties as Acting Secretary." This, however, does not provide a context by which the Request can be narrowed; it is, by virtue of the Secretary's position, a request for emails about all of the agency's activity overly nearly a one year period. In other words, it is a fishing expedition. Furthermore, the Request's year-long timeframe is not short enough to save what is, because of Requester's failure to identify a subject matter narrower than 'all agency activity,' an otherwise overbroad request.

In sum, the Request seeks all emails of Secretary Dumaresq over a one year period, without limiting the subject matter of the Request in any meaningful way and is, therefore, insufficiently specific under Section 703 of the RTKL.[8] Thus, OOR erred

---

**8.** Requester seems to argue that the Request

was sufficiently specific, irrespective of any-

in concluding the Request was sufficiently specific.

Accordingly, the final determination is reversed.[9]

### ORDER

AND NOW, this 14th day of July, 2015, the final determination of the Office of Open Records is hereby REVERSED.

thing else, because PDE admitted to identifying 700 potentially responsive emails. (*See* R.R. 16a (stating that on August 25, 2014, while the Request was pending, Secretary Dumaresq "volunteered that [PDE] staff already had gathered 700 emails in response to the [Request]")). Although this Court has suggested that the ability to identify responsive records indicates a request was sufficiently specific, we have never held that such identification alone was enough to satisfy Section 703 of the RTKL. *See Meguerian v. Office of the Attorney Gen.*, 86 A.3d 924, 930 (Pa. Cmwlth.2013) (questioning whether request seeking emails between particular individual and 45 other people over period of two years was sufficiently specific under Section 703 of RTKL, but declining to answer question because agency did not raise issue and noting that "there is no need to do so here when [the Attorney General] was able to discern responsive records based on the limited information set forth"); *Baxter*, 35 A.3d at 1265 ("Unlike in *Mollick*, though, the request here was not

for years but for 30 days and the request was obviously sufficiently specific because the School District has already identified potential records included within the request."); *Legere*, 50 A.3d at 265 ("Legere has requested a clearly-defined universe of documents. There are no judgments to be made as to whether the documents are 'related' to the request. The documents either are or are not Section 208 determination letters ... or ... orders issued by DEP arising from Section 208 determination letters. Legere's request was clearly sufficiently specific, given that DEP provided some of the responsive records."). PDE's identification of potentially responsive records, therefore, is not sufficient to satisfy Section 703 of the RTKL on its own.

9. Because we have concluded that the Request was insufficiently specific and reverse OOR's determination on that basis, we need not address any of PDE's remaining arguments.