IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Office of Inspector    :
General,    :
              Petitioner    :
                          :   No. 1400 C.D. 2015
           v.    :
                          :   Submitted: July 15, 2016
Alton D. Brown,    :
              Respondent    :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
             HONORABLE PATRICIA A. McCULLOUGH, Judge
             HONORABLE DAN PELLEGRINI, Senior Judge

OPINION BY
JUDGE McCULLOUGH                 FILED: December 21, 2016

## Facts and Procedural History

The Pennsylvania Office of Inspector General (OIG) petitions for review of the July 6, 2015 final determination of the Office of Open Records (OOR) granting, in part, and dismissing, in part, the appeal of Alton Brown (Requestor).

On May 7, 2015, Requestor, an inmate currently incarcerated at the State Correctional Institution (SCI) at Huntingdon, submitted a request (Request) to OIG pursuant to the Right-to-Know Law (RTKL),[1] seeking:

> 1. [OIG's] rules, regulations, policies or related authority that governs its duties and functions, that were specifically designed by the [OIG];

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101–67.3104.

2. A diagram reflecting the [OIG's] various Offices and Bureaus; [and]

3. All criminal and misconduct reports pertaining to the detection and eradication of fraud, abuse, waste, and misconduct involving SCI-Graterford and SCI-Smithfield staff that resulted in sanctions, demotions, dismissals or discipline, which were compiled by the [OIG] during the past ten (10) years.

(Reproduced Record (R.R.) at 36a.)

On May 14, 2015, OIG sent Requestor a letter granting the Request, in part, and denying, in part. Regarding Paragraph 1, OIG provided Requestor with an executive order governing its authority, but determined that Paragraph 1 was insufficiently specific to enable OIG to ascertain what records were being requested because it did not specify what information was sought. OIG also determined that, insofar as Paragraph 1 sought policies and practices regarding how it conducts its investigations and issues in investigate reports, any responsive records would be exempt from disclosure because they would result in the loss of federal or state funds; result in a substantial and demonstrable risk of physical harm to or the personal security of an individual; would be reasonably likely to jeopardize or threaten public safety or public protection activities; and were related to criminal or noncriminal investigations.

Similarly, OIG determined that records responsive to Paragraph 2 were not subject to disclosure pursuant to the personal safety, public safety, and personal identification information exemptions of the RTKL.[2] However, notwithstanding its determination, OIG exercised its discretion to provide Requestor with a redacted

_____

[2] Sections 708(b)(1)(ii), (b)(2), and (b)(6)(i)(A) of the RTKL, 65 P.S. §§67.708(b)(1)(ii), (b)(2), and (b)(6)(i)(A), respectively.

chart of its organizational structure. OIG further determined that any responsive records to Paragraph 3, to the extent they exist, were exempt from disclosure pursuant to, *inter alia*, the criminal and noncriminal investigative exemptions of the RTKL.[3] In support of its denial, OIG attached an affidavit of Deputy Inspector General Anthony Fiore, indicating that any responsive records that may exist are exempt from disclosure because they would reveal information regarding the institution, progress, or result of an agency investigation or otherwise consist of official OIG investigative materials.

Requestor appealed OIG's determination to OOR, arguing that Paragraph 1 was sufficiently specific because he "merely seeks the duties/functions of OIG staff and <u>not</u> methods employed to carry out [the] same." (R.R. at 1a) (emphasis in original). Additionally, Requestor asserted that redaction of OIG's organizational chart was improper because it "is part of the State Government, and Requestor seeks only the names of those who hold Offices/Bureaus, not undercover agents, etc."[4] (R.R. at 2a.) Regarding Paragraph 3, Requestor asserted that he is "only seeking the identities and reasons for government staff, who were sanctioned, demoted, dismissed or disciplined as a result of an OIG investigation, not investigation reports (etc.)." *Id.*

By final determination dated July 6, 2015, OOR granted, in part, and dismissed, in part, Requestor's appeal. OOR concluded that Paragraph 1 was sufficiently specific because it related to a specific type of agency business, i.e., OIG's duties and functions. Additionally, OOR reasoned that, by asserting various

---

[3] 65 P.S. §§67.708(b)(16) and (b)(17).

[4] During the pendency of this litigation, OIG provided an un-redacted organizational chart to Requestor, thereby obviating the need for OOR to address Paragraph 2 of the Request.

exemptions to Paragraph 1, OIG acknowledged that it could ascertain what records were being requested and, therefore, Paragraph 1 was sufficiently specific.[5]

Regarding OIG's asserted exceptions to disclosure of records responsive to Paragraph 1, OOR reasoned that OIG failed to meet its burden to establish that any responsive records were exempt from disclosure because: any evidence regarding loss of funds was based on conclusory statements, not actual loss; there was no evidence indicating how disclosure would be reasonably likely to result in a substantial risk of physical harm to an individual; no evidence exists demonstrating how disclosure of the requested policies would threaten public safety; and there is no evidence establishing how the requested policies are related to a criminal or noncriminal investigation.

Regarding Paragraph 3, OOR determined that Requestor failed to address OIG's grounds for denying Paragraph 3; rather, according to OOR, Requestor modified the Request on appeal, which is prohibited. Thus, OOR determined that its review was confined to the Request as written and dismissed Requestor's appeal regarding Paragraph 3 of the same.

OIG appealed OOR's final determination to this Court.

On appeal,[6] OIG argues that Paragraph 1 lacks sufficient specificity necessary to enable it to ascertain which records were requested. OIG also argues that OOR erred in permitting Requestor to revise the Request on appeal. Finally, OIG asserts that, after concluding that the Request was sufficiently specific, OOR

_____

[5] OOR also reasoned that the Request did not require OIG to perform legal research because it only requested rules, regulations, policies, or related authority designed by OIG. (R.R. at 45a.)

[6] This Court's standard of review in an appeal from the OOR is independent review of the evidence and our scope of review is plenary. *Bowling v. Office of Open Records*, 990 A.2d 813, 818-19 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013).

4

should have remanded the matter to OIG to provide it an opportunity to review potentially responsive records and more thoroughly develop whether an exception to disclosure exists.

**Discussion**

The objective of the RTKL is to "empower citizens by affording them access to information concerning the activities of their government." *SWB Yankees LLC v. Wintermantel*, 45 A.3d 1029, 1042 (Pa. 2012). A record in possession of a Commonwealth agency shall be presumed to be a public record. Section 305(a) of the RTKL, 65 P.S. §67.305(a). A Commonwealth agency bears the burden of proving, by a preponderance of the evidence, that a record is exempt from public access. Section 708(a)(1) of the RTKL, 65 P.S. §67.708(a)(1). Because the RTKL is "remedial legislation designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions, the exemptions from disclosure must be narrowly construed." *Bowling v. Office of Open Records*, 990 A.2d 813, 824 (Pa. Cmwlth. 2010), *aff'd*, 75 A.3d 453 (Pa. 2013).

Section 703 of the RTKL directs that a written request "should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested . . . ." 65 P.S. §67.703. This Court has stated that:

> When considering a challenge to the specificity of a request under Section 703 of the RTKL, this Court employs a three-part balancing test, examining the extent to which the request sets forth (1) the subject matter of the request; (2) the scope of documents sought; and (3) the timeframe for which records are sought.

5

*Department of Education v. Pittsburgh Post-Gazette*, 119 A.3d 1121, 1124 (Pa. Cmwlth. 2015).

Regarding the application of the three prongs, we stated that the subject matter of the request "must identify the 'transaction or activity' of the agency for which the record is sought" and should provide "a context to narrow the search." *Id.* at 1125 (quoting Section 102 of the RTKL, 65 P.S. §67.102). The scope of the request "must identify a discrete group of documents, either by type . . . or by recipient." *Id.* (internal quotation omitted). Indeed, "[a] request for a broad category of documents, such as all records, may be sufficiently specific if confined to a particular recipient or recipients." *Id.* at 1125-26. "The fact that a request is burdensome does not deem it overbroad, although it may be considered a factor in such a determination." *Department of Environmental Protection v. Legere*, 50 A.3d 260, 265 (Pa. Cmwlth. 2012). Moreover, "[t]he timeframe of the request should identify a finite period of time for which records are sought." 119 A.3d at 1126. However, this prong is the most fluid and whether the request's timeframe is sufficiently narrow is "generally dependent upon the specificity of the request's subject matter and scope." *Id.*

OIG argues that a straightforward application of the three prongs demonstrates that the Request is not sufficiently specific. First, OIG maintains that the Request identifies no specific subject matter; instead, according to OIG, the Request seeks *all* rules, regulations, policies or related authorities that govern *all* of OIG's duties and functions. Next, OIG argues that the only limitation in the request for rules, regulations, policies or related authority is that they be "specifically designed by the [OIG]." Finally, OIG posits that the timeframe of the Request is unclear but submits that it contemplates any existing authority governing every OIG

transaction or activity, which it argues constitutes an unreasonable burden and amounts to a "fishing expedition."

In *Pittsburgh Post-Gazette*, this Court considered whether a request for "[a]ll of the emails of Acting Secretary of Education Carolyn Dumaresq as they pertain to the performance of her duties as Acting Secretary since she was appointed on August 25, 2014 to date" was sufficiently specific under the RTKL. 119 A.3d at 1123. Applying the three-pronged test, we concluded that the request was not sufficiently specific because it failed to identify the requisite agency transaction or activity. More specifically, we stated that emails pertaining to the performance of Dumaresq's duties while Acting Secretary "does not provide a context by which the Request can be narrowed; it is, by virtue of the Secretary's position, a request for emails about all of the agency's activity overly nearly a one year period. In other words, it is a fishing expedition." *Id.* at 1126. *Cf. Easton Area School District v. Baxter*, 35 A.3d 1259, 1260 (Pa. Cmwlth. 2012) (holding that "[a]ll emails sent and received between Oct. 1 and Oct. 31" for email addresses of nine school board members, the general school board address, and the school district superintendent was sufficiently specific); *Pennsylvania State Police v. Office of Open Records*, 995 A.2d 515, 516-17 (Pa. Cmwlth. 2010) (holding that portion of request seeking any and all records, files, or communications of any kind pertaining to seizures of property was insufficiently specific but portion seeking manuals relating to vehicle stops, searches, and seizures was specific enough to enable the agency to ascertain what records were sought).

Here, the apparent subject matter identified in Paragraph 1 of the Request is OIG's "duties and functions." (R.R. at 36a.) However, the Request does not identify what duties and functions are at issue; rather, based on the face of the

7

Request, it appears that all OIG duties and functions are contemplated because no specific "transaction or activity" is provided. Analogous to *Pittsburgh Post-Gazette*, the Request is essentially a request for authorities that govern all OIG activity. Similar to the request in *Pittsburgh Post-Gazette*, the Request does not provide a context by which it can be narrowed. Moreover, unlike *Pennsylvania State Police*, the Request does not identify a specific subject matter, e.g., vehicle stops, searches, and seizures, that is the object of the request. Requestor did not specify the category or type of OIG activity for which he is seeking information and it would impose an unreasonable burden to require OIG to examine all of its rules, regulations, policies, and related authorities without knowing, with sufficient specificity, what OIG business or activity the Request contemplates.

Because Paragraph 1 of the Request is not sufficiently specific to advise OIG of what records are being requested and did not identify the OIG transaction or activity for which the record is sought, thereby failing to provide any context by which OIG could narrow the search, OOR's determination granting Requestor's appeal as to Paragraph 1 was erroneous.

Accordingly, to the extent OOR determined that Paragraph 1 was sufficiently specific to advise OIG of what records were being requested, OOR's determination is reversed.[7]

_____
PATRICIA A. McCULLOUGH, Judge

---

[7] Based on the foregoing disposition, we need not address OIG's remaining arguments that OOR erred in allowing Requestor to modify the Request or that OOR should have remanded the matter to provide OIG an opportunity to review potentially responsive records and more thoroughly develop whether an exception to disclosure exists.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Office of Inspector : 
General, : 
               Petitioner : 
                        :   No. 1400 C.D. 2015
        v. : 
                        : 
Alton D. Brown, : 
               Respondent : 

## *ORDER*

AND NOW, this 21st day of December, 2016, the July 6, 2015 final determination of the Office of Open Records (OOR) is hereby reversed to the extent OOR determined that Paragraph 1 of the Request was sufficiently specific to advise the Pennsylvania Office of Inspector General of what records were being requested.

                               _____
                               PATRICIA A. McCULLOUGH, Judge