# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Methacton School District, :
                  Appellant :
                     :
         v. : No. 250 C.D. 2021
                     : ARGUED: November 15, 2021
Office of Open Records of the :
Commonwealth of Pennsylvania :


BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**              **FILED:  December 28, 2021**


Methacton School District appeals from an order of the Court of Common Pleas of Montgomery County affirming the final determination of the Office of Open Records (OOR) that directed the School District to provide Dr. James Mollick (Requester) with copies of all emails sent and received by specific School District employees for four discrete one-month time periods.  The four employees include the President of the School District's Board of School Directors; the Chairman of the Board's Property Committee; the Director of Labor Relations and Human Resources, who is also the interim Right-to-Know Law (RTKL) Officer; and the Superintendent.  The time periods include 11/01/2019 to 11/30/2019; 10/01/2019 to 10/31/2019; 9/01/2019 to 9/30/2019; and 8/01/2019 to 8/31/2019.  This case is controlled by *Easton Area School District v. Baxter*, 35 A.3d 1259 (Pa. Cmwlth. 2012), where this Court considered nearly the same request language and concluded

that it was sufficiently specific under Section 703 of the RTKL.[1]  Accordingly, we affirm.

The pertinent background of this matter is as follows.  At the request of the interim RTKL Officer, the School District's Information Technology Department performed a search using the parameters of Requester's requests.  After extraction from the server, the potentially responsive records were stored in an electronic folder but not further reviewed.  (Jan. 26, 2021, Trial Ct. Decision, Finding of Fact "F.F." No. 9.)  Subsequently, the School District denied each of the four requests as "insufficiently specific" under Section 703 of the RTKL stating:

> The request was insufficiently specific with regard to a transaction or activity of the Methacton School District. *See Pa. Dep't of Educ. v. Pittsburgh Post-Gazette*, 119 A.3d 1121 (Pa. [Cmwlth.] 2015).  Moreover, the request did not provide a context by which the request could be narrowed; the request was solely a fishing expedition for *all* emails sent or received by four individuals over a period of one month with no defied [sic] subject matter. *Id*.  Here, despite providing a timeframe and naming specific email accounts, the request failed to specify a subject matter or transaction/activity of the agency.

(F.F. No. 11) (emphasis in original).  Requester appealed.

Following OOR's consolidation of Requester's four appeals and consideration of the parties' position statements, the OOR issued a final determination directing the School District to provide all responsive records within thirty days.  The School District's petition for review to the trial court followed.  The trial court affirmed, rejecting the School District's argument that the request lacked

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. § 67.703.

sufficient specificity for lack of a specific email subject or search keywords. The School District's appeal to this Court followed.

Section 703 of the RTKL provides as follows: "A written request should identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested . . . ." 65 P.S. § 67.703. The three-part balancing test for considering a challenge to the specificity of a request requires an examination of the extent to which the request sets forth: (1) the subject matter of the request; (2) the scope of the documents sought; and (3) the timeframe relating to the records sought. *Borough of Pottstown v. Suber-Aponte*, 202 A.3d 173, 179 (Pa. Cmwlth. 2019). Consistent with the definition of "record,"[2] "[t]he subject matter of the request must identify the 'transaction or activity' of the agency for which the record is sought." *Pittsburgh Post-Gazette*, 119 A.3d at 1125. Even when a request is burdensome, it is not deemed overly broad. *Dep't of Env't Prot. v. Legere*, 50 A.3d 260, 265 (Pa. Cmwlth. 2012).

In the present case, because the requests include a finite timeline and specific email addresses, there is no dispute that parts two and three of the balancing test have been satisfied. However, the School District argues that the subject-matter part has not been met due to Requester's failure to specify a "transaction or activity." In addition, the School District maintains that its good faith effort to segregate potentially responsive material does not constitute a concession that the requests are sufficiently specific.

The School District's position is without merit. There is no bright-line rule absolutely requiring a requester to precisely identify the subject matter of the

---

[2] Section 102 of the RTKL defines "record" as "[i]nformation, regardless of physical form or characteristics, that documents a transaction or activity of an agency and that is created, received or retained pursuant to law or in connection with a transaction, business or activity of the agency." 65 P.S. § 67.102.

requested record. The absence of a stated subject matter is but one factor to consider in determining whether the request is sufficiently specific. A requester's failure to identify a subject matter may be accorded more or less weight depending upon other factors. For example, there may be circumstances where a requester cannot identify a subject matter and that inability may be part of the reasoning behind the request.[3] At the end of the day, all that Section 703 of the RTKL requires is that a written request "identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested . . . ." 65 P.S. § 67.703.

By way of illustration, when a request includes limited specific timeframes and email addresses, a requester's failure to identify a subject matter may be accorded less weight in ascertaining whether the request is sufficiently specific. In *Baxter*, the requester sought copies of all emails sent and received between 10/01/2010 and 10/31/2010 for the email addresses of nine school board members, the superintendent, and the general school district but failed to identify the subject matter of the requested emails. In determining that the request was sufficiently specific under Section 703 of the RTKL, this Court reasoned: "[T]he request . . . is limited in terms of the type of record requested, the timeframe and the number of email addresses." *Baxter*, 35 A.3d at 1264. On the other hand, the inclusion of specific email accounts and timeframes does not necessarily equate to a request being sufficiently specific. In *Mollick v. Township of Worcester*, 32 A.3d 859 (Pa. Cmwlth. 2011), a request for emails transmitted by and between township supervisors on their personal computers and/or via their personal accounts was found to be insufficient in the absence of identifying a special subject/activity for the emails. Commenting on *Mollick*, this Court observed that "[t]he subject matter

---

[3] The RTKL provides that "[a] written request need not include any explanation of the requester's reason for requesting or intended use of the records unless otherwise required by law." 65 P.S. § 67.703.

4

should provide a context to narrow the search." *Pittsburgh Post-Gazette*, 119 A.3d at 1125.

Moreover, we reject the School District's argument that its good faith effort to amass the potentially responsive emails should not act as a concession that the requests are sufficiently specific and/or that all of those emails constitute records. While it is true that "we have never held that such identification alone was enough to satisfy Section 703 of the RTKL[,]" *Pittsburgh Post-Gazette*, 119 A.3d at 1126 n.8, the School District was able to separate the emails that met the parameters of the requests. Part of the subject-matter requirement is the ability to locate responsive documents. As we stated in *Baxter*, "the request was obviously sufficiently specific because the [s]chool [d]istrict has already identified potential records included within the request." *Baxter*, 35 A.3d at 1264. *Compare Montgomery Cnty. v. Iverson*, 50 A.3d 281, 284 (Pa. Cmwlth. 2012) (*en banc*) (holding that an agency's ability to respond did not render a request specific where the request provided no timeframe for the emails it sought and did not identify specific individuals' email addresses or departments such that there was no context within which the search could be narrowed). Accordingly, given the requests' restrictions to limited timeframes and emails of only four specific persons, as well as the fact that the School District was able to locate the responsive documents, the absence of a stated subject matter for the requested emails was not solely determinative of whether the requests were sufficiently specific under Section 703 of the RTKL.[4]

---

[4] This Court recently opined that "*Baxter* does not stand for the proposition that a RTKL request that is limited to a short timeframe is always, by itself, sufficiently specific." *Keystone Nursing & Rehab. of Reading, LLC v. Simmons-Ritchie* (Pa. Cmwlth., Nos. 1631, 1692, and 1696 C.D. 2018, filed January 3, 2020), *appeal denied*, (Pa., No. 167 MAL 2020, filed September 16, 2021), slip op. at 40. [An unreported opinion of this Court can be cited for its persuasive value under Section 414(a) of our Internal Operating Procedures. 210 Pa. Code § 69.414(a).] This reasoning is consistent with our statement herein that a requester's failure to specify a stated

Further, Requester's failure to identify the subject matter of the requests did not alleviate the School District from looking at the face of the emails to ascertain their status as records, any applicable exemptions, and the presence of any protected information. Upon receipt of a written record request, Section 901 of the RTKL requires an agency to "make a good faith effort to determine if the record requested is a public record, legislative record or financial record and whether the agency has possession, custody or control of the identified record, and to respond as promptly as possible under the circumstances." 65 P.S. § 67.901. At that time, Section 902(a)(1) and (4) of the RTKL requires the open records officer to determine, *inter alia*, whether the request for access requires redaction and/or a legal review to ascertain whether the record is a record subject to access. 65 P.S. § 67.902(a)(1) and (4). Thereafter, Section 903 of the RTKL requires that an agency's denial include "[t]he specific reasons for the denial, including a citation of supporting legal authority." 65 P.S. § 67.903.

In summary, "[a]fter obtaining all potentially responsive records, an agency has the duty to review the records and assess their public nature under Sections 901 and 903 of the RTKL." *Uniontown Newspapers, Inc. v. Pa. Dep't of Corr.*, 185 A.3d 1161, 1172 (Pa. Cmwlth. 2018). "It is axiomatic that an agency cannot discern whether a record is public or exempt without first obtaining and reviewing the records." *Id*. Here, the School District performed only the first task. However, once the School District was able to identify and collect the emails that met the criteria set forth in the requests, it should have conducted the analysis set forth in the RTKL.

As for the adequacy of the School District's denial and any potential waiver issues, it is true that an agency's failure to raise all denial grounds in its denial does

---

subject matter is but one factor to consider in determining whether the request is sufficiently specific.

not waive other grounds. *Levy v. Senate of Pa.*, 65 A.3d 361 (Pa. 2013). However, an agency is limited to the defenses raised before the fact finder. *Levy v. Senate of Pa.*, 94 A.3d 436 (Pa. Cmwlth. 2014). As the trial court herein concluded, the School District waived the right to assert that the requested records were exempt from public disclosure due to potentially confidential or protected information by not raising it below. (Trial Ct.'s Conclusion of Law No. 44.) The fact that the School District stated that there might be protected information buried in the amassed emails was insufficient. As noted, the School District should have ascertained the emails' status as records and reviewed them for the presence of exemptions and protected information. Consequently, it is simply too late to seek redaction of the emails or to argue that any of them do not constitute records subject to disclosure.

Accordingly, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

7

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Methacton School District,
                Appellant

v.

Office of Open Records of the
Commonwealth of Pennsylvania

: 
: 
: 
:    No. 250 C.D. 2021
: 
: 
: 
:

## **O R D E R**

AND NOW, this 28th day of December, 2021, the order of the Court of Common Pleas of Montgomery County is hereby AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita