# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Pennsylvania State System of Higher Education, Office of the Chancellor, Petitioner | : : : : | |
| v. | : | No. 2126 C.D. 2015 |
| | : | |
| Association of State College and University Faculties, ("APSCUF"), Respondent | : : : : | |
| | | |
| California University of Pennsylvania, Petitioner | : : : | |
| v. | : | No. 2127 C.D. 2015 |
| | : | |
| Association of State College and University Faculties, ("APSCUF"), Respondent | : : : : | |
| | | |
| Cheyney University of Pennsylvania, Petitioner | : : : | |
| v. | : | No. 2128 C.D. 2015 |
| | : | |
| Association of State College and University Faculties, ("APSCUF"), Respondent | : : : : | |
| | | |
| Clarion University of Pennsylvania, Petitioner | : : : | |
| v. | : | No. 2129 C.D. 2015 |
| | : | |
| Association of State College and University Faculties, ("APSCUF"), Respondent | : : : | |

| | |
|---|---|
| East Stroudsburg University of Pennsylvania,<br>                    Petitioner | : <br> : <br> : <br> : |
| v. | : No. 2130 C.D. 2015 <br> : |
| Association of State College and University Faculties, ("APSCUF"),<br>                    Respondent | : <br> : <br> : <br> : |
| Edinboro University of Pennsylvania,<br>                    Petitioner | : <br> : <br> : |
| v. | : No. 2131 C.D. 2015 <br> : |
| Association of State College and University Faculties, ("APSCUF"),<br>                    Respondent | : <br> : <br> : |
| Indiana University of Pennsylvania,<br>                    Petitioner | : <br> : <br> : |
| v. | : No. 2132 C.D. 2015 <br> : |
| Association of State College and University Faculties, ("APSCUF"),<br>                    Respondent | : <br> : <br> : |
| Kutztown University of Pennsylvania,<br>                    Petitioner | : <br> : <br> : |
| v. | : No. 2133 C.D. 2015 <br> : |
| Association of State College and University Faculties, ("APSCUF"),<br>                    Respondent | : <br> : <br> : |

Lock Haven University of Pennsylvania, :
              Petitioner          :
                                      :
              v.                    : No. 2134 C.D. 2015
                                        :

Association of State College and      :
University Faculties, ("APSCUF"),   :
              Respondent     :

Millersville University of Pennsylvania, :
              Petitioner          :
                                        :
              v.                    : No. 2135 C.D. 2015
                                        :

Association of State College and      :
University Faculties, ("APSCUF"),   :
              Respondent     :

Shippensburg University of         :
Pennsylvania,                       :
              Petitioner          :
                                        :
              v.                    : No. 2136 C.D. 2015
                                        :

Association of State College and      :
University Faculties, ("APSCUF"),   :
              Respondent     :

Slippery Rock University of         :
Pennsylvania,                       :
              Petitioner          :
                                        :
              v.                    : No. 2137 C.D. 2015
                                        :

Association of State College and      :
University Faculties, ("APSCUF"),   :
              Respondent     :

| West Chester University of | : |
| Pennsylvania, | : |
| Petitioner | : |
| | : |
| v. | : No. 2138 C.D. 2015 |
| | : |
| Association of State College and | : |
| University Faculties, ("APSCUF"), | : |
| Respondent | : |
| | |
| Mansfield University and Bloomsburg | : |
| University, | : |
| Petitioners | : |
| | : |
| v. | : No. 2654 C.D. 2015 |
| | : Argued: June 6, 2016 |
| Association of State College and | : |
| University Faculties, ("APSCUF"), | : |
| Respondent | : |

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION BY
SENIOR JUDGE PELLEGRINI          FILED: July 6, 2016


This matter involves the consolidated appeal of 14 State System of Higher Education Universities (collectively, Universities) and the Office of the Chancellor (Chancellor) appealing the Office of Open Records' (OOR) 14 separate final determinations granting Sara Miller and Joshua Grubbs, as agents for the Association of Pennsylvania State College and University Faculties (collectively, Requesters), the release of records under the Pennsylvania Right-to-Know Law

(RTKL).[1]  At issue is whether Requesters' requests are sufficiently specific to enable the Universities and the Chancellor (collectively, State System) to find the responsive records, whether the requests are made non-specific because they require the disclosure of a purportedly large number of records, and whether the State System should be given additional time to review each record given the purported number of records requested.

## I.

On May 18, 2015, Requesters submitted RTKL requests to 12 of Pennsylvania's Universities[2] and the Chancellor seeking:

> [Item 1]    Any and all correspondence including attachments regarding BUD Reports (aka Budget Report), the FIN Reports (aka Financial Reports and audited Financial Reports), and the interim BUD reports (aka Interim Budget Reports) from January 2010 originating from or addressed to the current University President and/or his/her predecessors, the current University Provost and/or his/her predecessors, the Deans and/or his/her predecessors, the current Vice President of Administration and Finance and/or his/her predecessors, and individual(s) responsible for preparation and submission of the BUD Reports (aka Budget Reports),

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§67.101–67.3104.

[2] There are 14 State System of Higher Education Universities.  The original May 2015 request involved 12 of them:  Kutztown University, Shippensburg University, Lock Haven University, Millersville University, Clarion University, California University, Edinboro University, Indiana University, Slippery Rock University, West Chester University, Cheyney University, and East Stroudsburg University.  The other two state universities, Mansfield University and Bloomsburg University, received substantially similar RTKL requests in October 2015.

the FIN Reports (aka Financial Reports and audit[ed] Financial reports), and the Interim BUD Reports (aka Interim Budget Reports).[3]

[Item 2]     Any and all transitional/training documents given to new hires in the Office of Finance and Administration.[4]

[Item 3]     Any and all written instructions provided by the University or Pennsylvania's State System of Higher Education to current employees or past employees concerning completion of or feedback on the completion of the BUD Reports (aka Budget Reports), the FIN Reports (aka Financial Reports and audited Financial

---

[3] Both parties agree Item 1 is substantially the same as the request made to the Chancellor, except that it identifies the specific senders and recipients by name:

Any and all correspondence including attachments regarding BUD Reports (aka Budget Report), the FIN Reports (aka Financial Reports and audited Financial Reports), and the interim BUD reports (aka Interim Budget Reports) from January 2010 originating from or addressed to Mr. James Dillon, Vice Chancellor for Administration and Finance, Dr. Peter Garland, Executive Vice Chancellor, Dr. Kathleen M. Howley, Deputy Vice Chancellor for Academic and Student Affairs, Ms. Ginger Coleman, Manager of Budget Planning/Analysis, Ms. Lois Johnson, Associate Vice Chancellor for Administration and Finance, Ms. Lisa Sanno, Assistant Vice Chancellor for Employee and Labor Relations, Mr. Michael Mottola, former Vice Chancellor for Employee and Labor Relations, and Mr. Gary Dent, former Vice Chancellor for Human Resources and Labor Relations.

(Reproduced Record (R.R.) at 1a-2a.)

[4] The request made to the Chancellor did not contain Item 2. Requesters admit that they inadvertently repeated Item 2 as an additional request in several of their RTKL requests.

Reports), and the interim BUD reports (aka Interim Budget Reports).[5]

Shortly thereafter, the Universities and the Chancellor invoked a 30-day extension to respond. *See* Section 902(a) of the RTKL, 65 P.S. §67.902(a)(3),(5)&(7).

On June 19, 2015, State System's counsel requested another 30-day extension explaining that because of the sheer volume of records produced for Requesters' requests, he was still in the process of collecting the data and that he was attempting to secure software to assist in the matter. State System's counsel additionally asked if Requesters could provide search terms to assist in the matter. Requesters agreed to an additional extension but did not provide the State System with any search terms.

On July 20, 2015, State System's counsel, again, requested search terms to narrow the requests. Requesters responded that they were "very reluctant to get involved in narrowing search terms. However, [Requesters] will be better able to respond if you can make a disclosure to us of what you have reviewed, and

---

[5] (*See, e.g.*, R.R. at 11a-12a.) Both parties agree that Item 3 is substantially the same as the one made to the Chancellor:

> Any and all written instructions provided by Pennsylvania's State System of Higher Education to current employees or past employees concerning completion of or feedback on the completion of the BUD Reports (aka Budget Reports), the FIN Reports (aka Financial Reports and audited Financial Reports), and the interim BUD reports (aka Interim Budget Reports).

(R.R. at 1a-2a.)

found subjected to the disclosure, so far." (R.R. at 165a.) The next day, State System requested another 30-day extension, explaining:

> I have not been able to review much material to date and the IT department is attempting to free up space in a virtual location so that I will be able to: 1) load the date (alphabetically through Kutztown involved 12 gigabytes of data, however Lock Haven's data amount due to how it was collected was in excess of 14 gigabytes of data and overloaded the system's capacity) so that I do not overload the system; and 2) do a preliminary review to determine what items may or may not be relevant.

(R.R. at 164a.) Because Requesters did not agree to the extension and because State System failed to provide the requested information on or before the 30th day, all requests were deemed denied. *See* 65 P.S. §67.902(b).

On August 5, 2015, Requesters filed an appeal to the OOR stating grounds for disclosure. State System contacted Requesters seeking to mediate the matter before the OOR, and Requesters denied the mediation request. State System then submitted a position statement claiming the requests were insufficiently specific under Section 703 of the RTKL. *See* 65 P.S. §67.703.

In support of its position, State System submitted three affidavits. The first was signed by Rodney Underkoffler, Microsoft Team Leader for the State System, attesting that the total amount of data for the requests exceeds 74 gigabytes and that he assisted State System's counsel in obtaining the necessary disk space to store the data. State System also submitted the affidavit of William Lane, Customer Support Specialist for the State System, attesting he assisted the

5

Chancellor in obtaining more than 25 gigabytes of data for the requests, estimating that 25 gigabytes of data contains 1.87 million pages of information. An affidavit was also submitted by Dennis Carson, California University of Pennsylvania's manager of Enterprise Infrastructure, attesting he assisted California University's Open Records Officer in obtaining over 700 megabytes of data containing 2,366 emails plus attachments. State System also admitted initial data was reviewed regarding California University's President and that it sampled and reviewed 99 emails attributed to its Vice-President for Administration, determining 50 to be responsive and the remainder to be non-responsive or generally subject to redaction. Requesters did not provide a position statement.

On October 5, 2015, the OOR issued its final determination on all dockets concluding that all of the requests were sufficiently specific to permit disclosure under Section 703. The OOR reasoned that Item 2's failure to state a timeframe when requesting training documents regarding financial and budget reports did not render the item impermissibly broad because a proper reading limits it to those materials used at the time the request was made. The OOR additionally reasoned a failure to include a finite timeframe in Item 3 regarding feedback on budget and financial reports did not render the request impermissibly broad when weighed against the request's narrow subject matter and scope. The OOR then determined that the State System failed to demonstrate that any RTKL exemptions applied to the requests and ordered the documents to be produced in accordance with the OOR's "interpretation" of the request. State System filed a petition for reconsideration that was later denied by the OOR. The 12 Universities and the Chancellor then filed this appeal.

6

On October 5, 2015, Requesters submitted a RTKL request to Mansfield University and Bloomsburg University that was substantially the same as the requests made to the other 12 Universities and the Chancellor in May 2015. Both Mansfield University and Bloomsburg University invoked a statutory 30-day extension and then subsequently denied the requests contending they were insufficiently specific. Requesters timely appealed both denials to the OOR challenging the denials and stating grounds for disclosure. At the request of the Universities, the two matters were consolidated. On December 14, 2015, the OOR issued its final determination concluding the requests were sufficiently specific and that the two universities failed to demonstrate that any RTKL exemptions applied to the requests. Mansfield University and Bloomsburg University filed a petition for reconsideration, which was later denied by the OOR. Both universities then filed this appeal.[6]

## II.

On appeal, State System contends that the OOR erred when concluding all items of Requesters' requests were sufficiently specific to satisfy Section 703 of the RTKL because they fail to sufficiently set forth the subject matter of the request and fail to supply a sufficiently narrow scope and timeframe. We have explained:

> Under the RTKL, a requester submits a request that "tells the agency what records he wants, and the agency responds by either giving the records or denying the

---

[6] This Court's standard of review is *de novo* and our scope of review is plenary. *Bowling v. Office of Open Records*, 75 A.3d 453, 477 (Pa. 2013).

request by providing specific reasons why the request has been denied." *Pa. State Police v. Office of Open Records*, 995 A.2d 515, 516 (Pa. Cmwlth. 2010). The request must "identify or describe the records sought with sufficient specificity to enable the agency to ascertain which records are being requested." Section 703 of the RTKL. "An open-ended request that gives an agency little guidance regarding what to look for may be so burdensome that it will be considered overly broad." *Montgomery Cnty. v. Iverson*, 50 A.3d 281, 283 (Pa. Cmwlth. 2012) (*en banc*). The fact that a request is burdensome, however, is not sufficient in and of itself to deem the request overbroad. *Dep't of Envtl. Prot. v. Legere*, 50 A.3d 260, 265 (Pa. Cmwlth. 2012).

*Pennsylvania Department of Education v. Pittsburgh Post-Gazette*, 119 A.3d 1121, 1124 (Pa. Cmwlth. 2015).

In *Pittsburgh Post-Gazette*, this Court conducted an extensive review of our case law regarding challenges to the specificity of a request under Section 703 of the RTKL and set forth "a three-part balancing test, examining the extent to which the request sets forth (1) the subject matter of the request; (2) the scope of documents sought; and (3) the timeframe for which records are sought." *Pittsburgh Post-Gazette*, 119 A.3d at 1124 (citing *Carey v. Department of Corrections*, 61 A.3d 367, 372 (Pa. Cmwlth. 2012)). We further explained:

> The subject matter of the request must identify the "transaction or activity" of the agency for which the record is sought. The subject matter should provide a context to narrow the search.
>
> The scope of the request must identify "a discrete group of documents, either by type . . . or by recipient." . . . A request for a broad category of documents, such as all

> records, may be sufficiently specific if confined to a particular recipient or recipients.
>
> The timeframe of the request should identify a finite period of time for which records are sought. The timeframe prong is, however, the most fluid of the three prongs, and whether or not the request's timeframe is narrow enough is generally dependent upon the specificity of the request's subject matter and scope. Thus, failure to identify a finite timeframe will not render an otherwise sufficiently specific request overbroad. Likewise, an extremely short timeframe will not rescue an otherwise overbroad request, except for in the most extraordinary circumstances.

*Pittsburgh Post-Gazette*, 119 A.3d at 1124-26 (footnotes and internal citations omitted). Applying this three-part test, we determined that a request that sought "[a]ll of the emails of Acting Secretary of Education Carolyn Dumaresq as they pertain to the performance of her duties as Acting Secretary" for approximately one year to have a finite time-period and sufficiently limited scope because it only pertained to emails to and from the Secretary. *Pittsburgh Post-Gazette*, 119 A.3d at 1126. Nonetheless, we held it was impermissibly broad because it failed to "provide a context by which the Request can be narrowed; it is, by virtue of the Secretary's position, a request for emails about all of the agency's activity over nearly a one year period. In other words, it is a fishing expedition." *Id.*

State System contends that Item 1 is broader than the request in *Pittsburgh Post-Gazette* because it seeks over five years of records and fails to discretely identify specific documents within a limited scope and subject matter. State System further contends that because it has to review a large volume of

9

documents to determine whether an exemption applies, this should be considered as a factor weighing in favor of a determination that this item is overly broad.

Item 1 regarding correspondence involving budget and financial reports satisfies the three-part *Pittsburgh Post-Gazette* test because it seeks correspondence from specified officials at identified state universities – a clearly defined subject matter – limits its scope to those correspondences that include attachments of specified reports and provides a finite time-period from 2013. *See Department of Corrections v. St. Hilaire*, 128 A.3d 859, 864 (Pa. Cmwlth. 2015), *appeal denied sub nom.*, *St. Hilaire v. Office of Open Records (Pennsylvania Department of Corrections)* (Pa., No. 976 MAL 2015, filed April 6, 2016) (holding an RTKL request seeking "all records that document inmate injuries/deaths from January 2009 through December 2014" was sufficiently specific and did not require the agency to "guess at the request"). In light of Item 1's identifiable subject matter, scope and timeframe, "the fact that a request is burdensome does not deem it overly broad." *See Legere*, 50 A.3d at 265 (rejecting an argument that a request that "seeks a clearly delineated group of documents" should be deemed overly broad because it "would be extremely burdensome" for the agency to respond to the request).

State System next contends that Item 2 involving training and transitional documents is impermissibly broad because it fails to provide a finite timeframe, potentially expanding the request to encompass a 32-year time-period because the State System came to exist in its present form in 1983. Because the OOR determined Item 2 only seeks those instructions given to "new hires" at the

time the RTKL requests were made, State System additionally contends that the OOR erred as a matter of law when unilaterally narrowing it. We have explained:

> Under [Sections 901, 903 and 1101 of the RTKL], the requestor tells the agency what records he wants, and the agency responds by either giving the records or denying the request by providing specific reasons why the request has been denied. The requestor can then take an appeal to the OOR where it is given to a hearing officer for a determination. Nowhere in this process has the General Assembly provided that the OOR can refashion the request.

*Pennsylvania State Police*, 995 A.2d at 516. While the OOR cannot refashion a request, if from the context of the request the agency can reasonably discern that a request is for a specific time-period, the OOR can find the request sufficiently specific.

Item 2 only seeks transitional and training documents used for "new hires" in the Office of Finance and Administration, and when read in its proper context, it provides a sufficiently specific subject matter and scope. State System's expansive reading is unpersuasive because "the specificity of a request must be construed in the request's context, rather than envisioning everything the request might conceivably encompass." *Iverson*, 50 A.3d at 283. Because the context of the request indicates that it is attempting to seek information regarding State System's recent finance and budget reports, we agree with the OOR that a proper reading of Item 2 limits it to those documents used for new hires at the time the RTKL requests were made.

State System similarly contends that Item 3 involving instructions and feedback is impermissibly broad because it fails to supply a finite timeframe and because it seeks records for its "current and past employees." Item 3 is sufficiently specific because it seeks written instructions provided to "current and past employees" specifying that these instructions pertain to "the completion of or feedback on the completion of" the specified budget and finance reports listed in Item 1, where it requests five years of reports. Because it is so limited, Item 3 provides a sufficiently narrow subject matter and scope that identifies a discrete group of documents by both type and recipient.

## III.

Because we determine Requesters' requests are sufficiently specific under Section 703 of the RTKL, we now turn to State System's contention that the OOR erred as a matter of law when concluding that it failed to meet its burden of proving exemptions when it did not have the opportunity to review the requested records to determine if any of the exemptions set forth in Section 708 of the RTKL apply. 65 P.S. §67.708. State System contends that it was incapable of reasonably discerning whether any exemptions applied to this matter because it neither had the time nor resources to fully review the sizeable volume of records produced by Requesters' requests in the time-period it was given to do so.

Just because a request is for a large number of records does not mean that an agency is excused from its obligation to produce the requested documents. Section 1308(1) of the RTKL, 65 P.S. §67.1308(1), prohibits a policy or regulation that places "a limitation on the number of records which may be requested or made

12

available for inspection or duplication." Correspondingly, just because a request is large does not mean that an agency should be foreclosed from carrying out its statutory duty to determine whether exemptions apply when it is incapable of reviewing the requested documents within the time-period it is given.

In Section 708 of the RTKL, the General Assembly made a legislative determination that certain classes of records need not be made public. As our Supreme Court expressed in *Levy v. Senate of Pennsylvania*, 65 A.3d 361, 382 (Pa. 2013), although the legislative intent behind the RTKL resulted in "ensuring expanded and expedited transparency in our government," it was also the "legislative intent to shield numerous categories and subcategories of documents from disclosure in order to protect, *inter alia*, the Commonwealth's security interests and individuals' privacy rights." *Levy*, 65 A.3d at 382 (citing Sections 102, 305 and 708 of the RTKL, 65 P.S. §§67.102, 67.305, 67.708(b)). Reversing our decision in *Signature Information Solutions, LLC v. Aston Township*, 995 A.2d 510 (Pa. Cmwlth. 2010), where we held that if an agency does not give a reason why a document is exempt in the response that issue is waived, our Supreme Court reasoned "the *Signature Information* Rule undermines the specific legislative intent to shield these documents from disclosure, merely as a consequence of an open records officer's failure to list a legitimate reason for nondisclosure on the agency's initial written denial." *Levy*, 65 A.3d at 382.

If the request is so large that an agency does not have the ability to process the request in a timely manner given the enormous number of records requested, it would similarly undermine the specific legislative intent that every

13

record be reviewed so that free and open discussions can take place within government when a decision is being deliberated, and that agencies should be afforded a sufficient opportunity to conduct investigations to protect the Commonwealth's security interests and the public's privacy rights.

Nonetheless, just because an agency claims it neither has the time nor resources to conduct a document-by-document review within the time-period required by the RTKL does not make it so. The agency making such a claim has to provide the OOR with a valid estimate of the number of documents being requested, the length of time that people charged with reviewing the request require to conduct this review, and if the request involves documents in electronic format the agency must explain any difficulties it faces when attempting to deliver the documents in that format. Based on the above information, the OOR can then grant any additional time warranted so that the agency can reasonably discern whether any exemptions apply.

Accordingly, the OOR's final determinations are affirmed to the extent that they determined Requesters' requests are sufficiently specific under Section 703 of the RTKL, but are vacated and remanded for it to make determinations in accordance with this opinion.

_____
DAN PELLEGRINI, Senior Judge

14

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Pennsylvania State System of Higher Education, Office of the Chancellor, Petitioner | : : : : |
| v. | : No. 2126 C.D. 2015 : |
| Association of State College and University Faculties, ("APSCUF"), Respondent | : : : : |
| | |
| California University of Pennsylvania, Petitioner | : : : |
| v. | : No. 2127 C.D. 2015 : |
| Association of State College and University Faculties, ("APSCUF"), Respondent | : : : |
| | |
| Cheyney University of Pennsylvania, Petitioner | : : : |
| v. | : No. 2128 C.D. 2015 : |
| Association of State College and University Faculties, ("APSCUF"), Respondent | : : : |
| | |
| Clarion University of Pennsylvania, Petitioner | : : : |
| v. | : No. 2129 C.D. 2015 : |
| Association of State College and University Faculties, ("APSCUF"), Respondent | : : : |

East Stroudsburg University of
Pennsylvania,
               Petitioner

         v.

Association of State College and
University Faculties, ("APSCUF"),
              Respondent

Edinboro University of Pennsylvania,
            Petitioner

         v.

Association of State College and
University Faculties, ("APSCUF"),
            Respondent

Indiana University of Pennsylvania,
            Petitioner

         v.

Association of State College and
University Faculties, ("APSCUF"),
            Respondent

Kutztown University of Pennsylvania,
            Petitioner

         v.

Association of State College and
University Faculties, ("APSCUF"),
            Respondent

: No. 2130 C.D. 2015

: No. 2131 C.D. 2015

: No. 2132 C.D. 2015

: No. 2133 C.D. 2015

Lock Haven University of Pennsylvania, :
                  Petitioner         :
                                       :
                v.                 : No. 2134 C.D. 2015
                                         :

Association of State College and     :
University Faculties, ("APSCUF"),   :
                  Respondent   :

Millersville University of Pennsylvania, :
                  Petitioner         :
                                         :
                v.                 : No. 2135 C.D. 2015
                                         :

Association of State College and     :
University Faculties, ("APSCUF"),   :
                  Respondent   :

Shippensburg University of        :
Pennsylvania,                         :
                  Petitioner         :
                                         :
                v.                 : No. 2136 C.D. 2015
                                         :

Association of State College and     :
University Faculties, ("APSCUF"),   :
                  Respondent   :

Slippery Rock University of        :
Pennsylvania,                         :
                  Petitioner         :
                                         :
                v.                 : No. 2137 C.D. 2015
                                         :

Association of State College and     :
University Faculties, ("APSCUF"),   :
                  Respondent   :

West Chester University of : 
Pennsylvania, : 
     Petitioner : 
       : 
     v. : No. 2138 C.D. 2015
       : 
Association of State College and : 
University Faculties, ("APSCUF"), : 
     Respondent : 

Mansfield University and Bloomsburg : 
University, : 
     Petitioners : 
       : 
     v. : No. 2654 C.D. 2015
       : 
Association of State College and : 
University Faculties, ("APSCUF"), : 
     Respondent : 

## O R D E R

AND NOW, this 6<u>th</u> day of <u>July</u>, 2016, it is hereby ordered that the final determinations of the Office of Open Records dated October 5, 2015, at Docket Nos. AP 2015-1495, AP 2015-1496, AP 2015-1498, AP 2015-1499, AP 2015-1500, AP 2015-1501, AP 2015-1502, AP 2015-1503, AP 2015-1504, AP 2015-1505, AP 2015-1506, AP 2015-1507 and AP 2015-1537, and the final determination of the Office of Open Records dated December 14, 2015, at Docket No. AP 2015-2587 are vacated and remanded to the Office of Open Records for further proceedings consistent with this opinion.

Jurisdiction relinquished.


_____
DAN PELLEGRINI, Senior Judge