IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Department of Health,  :
                        Petitioner  :
                                    :
            v.                      :    No. 377 C.D. 2021
                                    :    Submitted: February 11, 2022
Todd Shepherd,                      :
                        Respondent  :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE LORI A. DUMAS, Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE DUMAS                                   FILED: May 13, 2022

   The Pennsylvania Department of Health (Department) has petitioned this Court to review the Final Determination, issued on March 8, 2021, by the Office of Open Records (OOR), which directed the Department to provide certain email correspondence of two former officials under the Right-to-Know Law (RTKL).[1] The Department asserts that the OOR erred as a matter of law when it determined that the request for these records was sufficiently specific to warrant their provision and, in the alternative, that the OOR should have granted the Department's subsequent request for additional time to review the requested correspondence to ascertain whether an exemption was applicable. We discern neither error of law nor abuse of discretion and, therefore, affirm.

## BACKGROUND

   On July 7, 2020, Todd Shepherd (Requester) submitted a request to the Department for all email correspondence to and from former Secretary Rachel

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

Levine (Dr. Levine) and former Executive Deputy Secretary Sarah Boateng (Ms. Boateng) for March 16-18, 2020. The Department denied the request, and Requester appealed to the OOR.

While this initial appeal was pending, the parties engaged in mediation over several months. OOR Certified R. (C.R.), Ex. 4, Dep't's Position Statement, 1/20/21, at 2-3 (Dep't's Position Statement). The mediation efforts proved successful in part, as the Department agreed to provide Requester with certain records it deemed responsive. *See id.* Nevertheless, the appeal proceeded.

Before the OOR, the Department asserted that: (1) the request was insufficiently specific because it did not identify a subject matter and (2) the records withheld in mediation were not public records and many were exempt under the Disease Prevention and Control Law of 1955 (DPCL).[2] *See id.* at 3-4. The Department offered no evidence to support its assertion that the requested emails were exempt under the DPCL. *See id.*

Because the Department had provided Requester with certain responsive records, the OOR dismissed Requester's appeal as moot in part. OOR C.R., Ex. 5, OOR Final Determination, 3/8/21, at 2, 4, 8 (OOR Final Determination). As to the remaining emails requested, the OOR rejected the Department's claims, concluding that (1) Requester's request was sufficiently specific and (2) the Department had failed to establish that any emails were exempt under the DPCL. *Id.* at 4-8. Thus, the OOR directed the Department to provide the remaining emails

---

[2] Act of April 23, 1956, P.L. (1955) 1510, *as amended*, 35 P.S. §§ 521.1-521.21. In relevant part, and subject to certain exceptions, the DPCL provides that state and local health authorities may not disclose to the public (1) reports of diseases, (2) records maintained of actions taken in response to such reports, or (3) other records maintained pursuant to the DPCL. Section 15 of the DPCL, 35 P.S. § 521.15.

requested.  OOR C.R., Ex. 5, OOR Final Determination, 3/8/21, at 8 (OOR Final Determination).

The Department petitioned for reconsideration, requesting that the OOR reverse its Final Determination regarding the sufficient specificity of the request or, in the alternative, grant the Department additional time to review documents for exemptions under the DPCL.  OOR C.R., Ex. 6, Dep't's Pet. for Recons., 3/22/21, at 7 (Dep't's Pet. for Recons.).  According to the Department, review of the "approximately 2,000 records" responsive to the request would require "approximately 45 days."  *Id.*  The OOR denied the Department's Petition for Reconsideration, and the Department appealed to this Court.

## ISSUES[3]

The Department asserts that the OOR erred in finding that the request for email correspondence was sufficiently specific because the request "completely failed to identify a subject matter."  Dep't's Br. at 8.  According to the Department, in determining whether a request is sufficiently specific, courts must consider: (1) the subject matter of the request; (2) the scope of documents sought; and (3) the timeframe for which records are sought.  *Id.* at 9-10 (citing *Pa. Dep't of Educ. v. Pittsburgh Post-Gazette*, 119 A.3d 1121, 1124 (Pa. Cmwlth. 2015) (*Post-Gazette*)).  The Department suggests that each element of the *Post-Gazette* analysis is mandatory.  *See id.* at 10-15.  Thus, according to the Department, Requester's omission of a subject matter from his request constitutes a "fatal defect."  *Id.* at 15.

The Department further suggests that, by abrogating the subject matter element of the *Post-Gazette* analysis, the OOR has created a "slippery slope" that will enable requesters to circumvent the Court's specificity requirements by

---

[3] Here, we focus on the Department's appellate arguments.  Requester, who is *pro se*, has not filed a robust response.  *See generally* Requester's Br. at 7-8.

submitting successive requests lacking any discernible subject matter but limited to short periods of time. In so doing, according to the Department, the OOR has facilitated "fishing expeditions" that would obligate agencies and schools "to release all emails on a never-ending basis." *Id.* at 21-23.

In its second issue, the Department asserts that the OOR erred in denying the Department's request for additional time to review the requested email correspondence for exemptions under the DPCL. *Id.* at 24. According to the Department, the OOR has long operated under the erroneous assumption that a responding agency must be prepared to prove exemptions under the RTKL contemporaneously with its assertion that a request is insufficiently specific. *Id.* at 26. Rather, the Department asserts, an agency need only provide the OOR with an estimate of the number of documents at issue and the length of time required to conduct a review. *See id.* at 24-27 (citing in support *Pa. State Sys. of Higher Educ. v. Ass'n of State Coll. & Univ. Faculties*, 142 A.3d 1023 (Pa. Cmwlth. 2016) (*ASCUF*).

## ANALYSIS

The objective of the RTKL is "to empower citizens by affording them access to information concerning the activities of their government." *SWB Yankees L.L.C. v. Wintermantel*, 45 A.3d 1029, 1041 (Pa. 2012). It is "remedial legislation designed to promote access to official government information in order to prohibit secrets, scrutinize the actions of public officials, and make public officials accountable for their actions[.]" *Commonwealth v. Engelkemier*, 148 A.3d 522, 530 (Pa. Cmwlth. 2016) (citation omitted). We must liberally construe its provisions to effectuate this purpose. *Levy v. Senate of Pa.*, 65 A.3d 361, 381 (Pa. 2013).

4

Further, all records in the possession of an agency are "presumed 'public' unless they are: (1) exempted by Section 708 (exceptions) of the RTKL; (2) protected by privilege; or (3) exempted under other Federal or State law or regulation or judicial order or decree." *Off. of Governor v. Scolforo*, 65 A.3d 1095, 1100 (Pa. Cmwlth. 2013) (*Scolforo*) (punctuation modified; quoting Section 305 of the RTKL, 65 P.S. § 67.305). Pursuant to Section 708(a)(1), "[t]he burden of proving that a record of a Commonwealth agency . . . is exempt from public access shall be on the Commonwealth agency . . . receiving a request by a preponderance of the evidence." 65 P.S. § 67.708(a)(1); *Dep't of Health v. Off. of Open Recs.*, 4 A.3d 803, 809 (Pa. Cmwlth. 2010).

In reviewing a decision of the OOR, our standard of review is *de novo*, and our scope of review is plenary. *Post-Gazette*, 119 A.3d at 1124 n.5 (citing *Bowling v. Off. of Open Recs.*, 75 A.3d 453, 477 (Pa. 2013)).

**1. Specificity of Request**

The Department first asserts that the request for certain email correspondence to and from Dr. Levine and Ms. Boateng was insufficiently specific and, in particular, that the absence of a stated subject matter is fatal to the request. We disagree.

Under the RTKL, "[a] written request [for access to records] should identify or describe the records with sufficient specificity to enable the agency to ascertain which records are being requested[.]" Section 703 of the RTKL, 65 P.S. § 67.703. In *Post-Gazette*, this Court refined a multi-factor balancing test useful in analyzing a challenge to the specificity of a request under Section 703 of the RTKL. We examine "the extent to which the request sets forth (1) the subject matter of the

request; (2) the scope of documents sought; and (3) the timeframe for which records are sought." 119 A.3d at 1124.

The purpose of the balancing test is to facilitate an analysis in order to determine whether an agency can ascertain which records are being requested. Said another way, in *Post-Gazette*, we identified elements of a request useful to our inquiry. We have never held that any one element is dispositive. The subject matter, scope, and timeframe of a request are flexible, analytical elements, not evidentiary requirements. *See id.*; *see also Off. of the Dist. Att'y of Phila. v. Bagwell*, 155 A.3d 1119, 1142-45 (Pa. Cmwlth. 2017) (*ODAP*).

"An open-ended request that gives an agency little guidance regarding what to look for may be so burdensome that it will be considered overly broad." *Montgomery Cnty. v. Iverson*, 50 A.3d 281, 283 (Pa. Cmwlth. 2012) (*en banc*) (*Iverson*); *but see Dep't of Env't Prot. v. Legere*, 50 A.3d 260, 265 (Pa. Cmwlth. 2012) ("The fact that a request is burdensome will not, in and of itself, [render] the request . . . overbroad."). Conversely, a narrowly tailored request "may be sufficiently specific even though it requests broad categories of records." *Easton Area Sch. Dist. v. Baxter*, 35 A.3d 1259, 1265 (Pa. Cmwlth. 2012).

Additionally, although outside the framework of the *Post-Gazette* test, an agency's demonstrated ability to identify responsive records is a strong indication that a request was sufficiently specific. *See, e.g.*, *Baxter*, 35 A.3d at 1265 ("[T]he request was obviously sufficiently specific because the [s]chool [d]istrict has already identified potential records included within the request."); *Legere*, 50 A.3d at 265 ("Legere's request was clearly sufficiently specific, given that [the Department of Environmental Protection] provided some of the responsive records.").

6

In our view, the request here was sufficiently specific. Although Requester did not identify any particular subject matter in his request, that omission is not fatal. *See Baxter*, 35 A.3d at 1265. Requester limited the scope of his request to the email correspondence of two individuals and limited the timeframe of his request to three days. This presented the Department with a clearly defined universe of records, which it could then review for potential exemptions. While it may be that Dr. Levine and Ms. Boateng sent and received numerous emails on any given day and that the volume of email correspondence over three days was substantial, the request for these records was not overbroad. *See Legere*, 50 A.3d at 265.[4]

Further, the Department's assertion that it lacked sufficient information to ascertain which records were being requested strains credulity. *See* Dep't's Br. at 26 (asserting that it "still does not[] know which records to review [because] there was no subject matter in the request." (emphasis omitted)). To the contrary, the specificity of the request leaves little doubt that the Department knows precisely what records were requested, and the record confirms our conclusion. *See, e.g.*, Dep't's Position Statement at 4 (stating that it had "reviewed records within the timeframe provided by Requester" and had withheld those records subject to an exemption); Dep't's Pet. for Recons. at 7 ("The Department believes there are approximately 2,000 records to review [for exemptions.]").

---

[4] As noted by the Department, we have found the absence of a clearly articulated subject matter fatal to a records request. *See, e.g.*, *Keystone Nursing & Rehabilitation of Reading, LLC v. Simmons-Ritchie* (Pa. Cmwlth., Nos. 1631, 1692, 1696 C.D. 2018, filed Jan. 3, 2020), 2020 WL 40042 (unreported) (*Keystone Nursing*). In that case, however, requesters sought "all correspondence sent and received (including text messages and written memos)" of four Department officers over a 48-day period. *Keystone Nursing*, slip op. at 4, 2020 WL 40042, at *1. Under these circumstances, the omission of a subject matter made it unduly burdensome for the agency to ascertain the records being requested. However, the request in *Keystone Nursing* was far broader in terms of scope and timeframe than the request at issue here. Our analysis in *Keystone Nursing* is not persuasive here. *See* 210 Pa. Code § 69.414(a).

We also reject the Department's suggestion that the OOR has enabled "fishing expeditions" that will burden government agencies needlessly with successive requests for records. The RTKL is remedial legislation that empowers citizens to scrutinize the actions of public officials. *See Engelkemier*, 148 A.3d at 530. Those actions are documented in agency records that are presumed public and therefore, absent exemption or privilege, subject to release. *See Scolforo*, 65 A.3d at 1100. Thus, although the RTKL does not prohibit "fishing expeditions" *per se*, requests must have sufficient specificity that the responding agency can ascertain the records requested.

Balanced against the remedial purpose of the RTKL, a citizen must provide sufficient detail in a request for agency records that it does not unduly burden the agency. To the extent a requester submits repeated requests for the same records, the agency may assert that these requests have created an "unreasonable burden." *See* Section 506 of the RTKL, 65 P.S. § 67.506 (Disruptive requests). Within the *Post-Gazette* framework, this principle is applicable equally to multiple requests for *sequential* records (such as, *e.g.*, where successive requests are made for emails from consecutive, three-day periods) as to multiple requests for the same records. In either scenario, the responding agency remains free to assert an undue burden, and the OOR will consider whether such assertion is warranted. Thus, any concern that Requester's request here will enable fishing expeditions is unfounded.[5]

---

[5] In passing, the Department suggests that March 16-18, 2020, is a "significant" period because "the Department largely commenced working remotely in response to the rapidly developing COVID-19 pandemic." Dep't's Br. at 22. The Department does not explain this significance further, so it is not clear if, by "significant," the Department is asserting that the volume of email correspondence was particularly large or if they are suggesting some other concern. We reject any concern focused on the volume of email correspondence. Indeed, a request for all email correspondence over a very short period of time is seemingly *less* burdensome than a

## 2. Reconsideration

The Department also asserts that the OOR erred in denying its petition for reconsideration, in which the Department requested additional time to review the requested email correspondence for exemptions under the DPCL. Under the circumstances of this case, we conclude that the Department's belated request for additional time is without merit.

The RTKL does not define a procedure for litigants to seek reconsideration of an OOR final determination. "In general, however, an agency's decision to grant or deny a request for reconsideration is a matter of administrative discretion and, as such, will only be reversed for an abuse of discretion." *Campbell v. Pa. Interscholastic Athletic Ass'n (Off. of Open Recs.)*, 268 A.3d 502, 509 n.7 (Pa. Cmwlth. 2021) (cleaned up). In this context, an abuse of discretion occurs where the denial of reconsideration is "manifestly unreasonable or is based upon bad faith, fraud, capricious action, or an abuse of power." *Pa. Tpk. Comm'n v. Elec. Transaction Consultants Corp.*, 230 A.3d 548, 560 (Pa. Cmwlth. 2020) (citation omitted).

Under the RTKL, the OOR must make its decisions "in an expedited fashion." *Bowling*, 75 A.3d at 474. A final determination must issue within 30 days of receipt of an appeal, "[u]nless the requester agrees otherwise." Section 1101(b)(1) of the RTKL, 65 P.S. § 67.1101(b)(1). If the OOR fails to timely issue a final determination, the appeal is deemed denied. 65 P.S. § 67.1101(b)(2). Considering

---

request that requires extensive review and analysis before a responding agency can ascertain the defined universe of documents. *See Legere*, 50 A.3d at 264-65. On the other hand, if by "significant," the Department seeks to highlight the concerns it confronted during the early days of the pandemic, we view that as the rather obvious subject matter implicit to Requester's request. *See Iverson*, 50 A.3d at 283 ("[T]he specificity of a request must be construed in the request's context, rather than envisioning everything the request might conceivably encompass.").

these time constraints, it is incumbent upon an agency, at its earliest opportunity, to notify the OOR that the agency lacks sufficient time or resources to review a request properly.[6]

Here, Requester filed his request on July 7, 2020. The Department denied this request on July 24, 2020, initially asserting that "any potentially responsive records" were exempt on several grounds. Dep't's Position Statement at 1-2. Requester timely appealed on August 14, 2020, but agreed to delay a final determination while the parties sought compromise. Following several months of mediation, the Department filed its Position Statement with the OOR on January 20, 2021, in which it abandoned all claims of exemption *except* its claim that "many of the records are exempt under the [DPCL]." *Id.* at 4. The Department offered no proof of this remaining claim. Instead, the Department merely asserted that it had "reviewed records within the timeframe provided by Requester," but because his review "was performed pursuant to voluntary mediation," "the Department did not catalog the exemptions it applied[,] nor did it have a duty to do so." *Id.* The OOR issued its Final Determination on March 20, 2021. Displeased, on March 22, 2021,

---

[6] In light of our disposition, we decline to detail further a procedure that would facilitate additional time for review, where the request submitted under the RTKL is truly voluminous, yet still accommodate the time constraints placed upon the OOR. Under appropriate circumstances, either the OOR in the first instance, or this Court on appeal, may craft an appropriate remedy.

In *ASCUF*, for example, cited favorably by the Department, requesters sought a large volume of financial records spanning multiple years and maintained by 14 state universities. 142 A.3d at 1026. The amount of data for the requests exceeded 74 gigabytes and comprised millions of pages of information. *Id.* at 1028. Recognizing that "just because an agency claims it neither has the time nor resources to conduct a document-by-document review within the time-period required by the RTKL does not make it so," we remanded for the OOR to determine if "any additional time [was] warranted so that the agency [could] reasonably discern whether any exemptions apply." *Id.* at 1032. It is not clear whether the universities raised their claim initially before the OOR. *See generally id.* Nevertheless, *ASCUF* is hardly comparable here, where the Department has suggested that there are approximately 2,000 records that require review. *See* Dep't's Pet. for Recons. at 7.

10

the Department sought additional time to review further the requested email correspondence.

The Department's conduct in this matter was dilatory. More than eight months passed from when Requester first sought records from the Department to when the OOR issued its Final Determination. At no point throughout this period did the Department inform Requester or the OOR that it lacked sufficient time or resources to conduct a proper review. To the contrary, based on its own statements, it appears that the Department reviewed records responsive to the request, determined that some were appropriate for release, and declined to release others based on its determination that they were exempt under the DPCL. *See id.* This review was sufficiently thorough that the Department abandoned the other, preliminary grounds of exemption asserted in its original denial of the request. *See id.* Under these circumstances, the OOR's denial of the Department's belated request for yet more time to conduct a proper review was reasonable. Thus, we discern no abuse of its discretion when it denied the Petition for Reconsideration.

For these reasons, we affirm the Final Determination of the OOR.

_____
LORI A. DUMAS, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Pennsylvania Department of Health,    :
                          Petitioner    :
                                        :
          v.                           :    No. 377 C.D. 2021
                                        :
Todd Shepherd,                         :
                          Respondent    :

## **O R D E R**

AND NOW, this 13th day of May, 2022, the Final Determination by the Office of Open Records, issued on March 8, 2021, in the above captioned matter is AFFIRMED.

_____

LORI A. DUMAS, Judge