# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel J. Auerbach,  :
      Petitioner  :
        :   No. 234 M.D. 2024
      v.  :
        :   Submitted:  August 8, 2025
Pennsylvania Office of Open  :
Records,  :
      Respondent  :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE LORI A. DUMAS, Judge
           HONORABLE MATTHEW S. WOLF, Judge

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION BY**
**JUDGE DUMAS**                     **FILED:  December 15, 2025**

Petitioner Daniel J. Auerbach (Auerbach) has filed a petition for review (PFR) in our original jurisdiction. Therein, he asks for a declaratory judgment that overrules our decision in *Pennsylvania State System of Higher Education v. Association of State College & University Facilities*, 142 A.3d 1023 (Pa. Cmwlth. 2016) (*PASSHE*). Auerbach seeks this relief because he believes *PASSHE* misinterprets the Right-to-Know Law[1] (RTKL) by allowing Respondent Pennsylvania Office of Open Records (OOR) to unilaterally extend its deadline for issuing a final determination in an RTKL appeal matter. Additionally, Auerbach requests that we issue an order enjoining the OOR from extending such deadlines without the requester's consent. In response, the OOR has filed preliminary

---

[1] Act of February 14, 2008, P.L. 6, 65 P.S. §§ 67.101-67.3104.

objections. Upon review, we sustain the preliminary objections and dismiss the PFR.

## I. BACKGROUND[2]

On February 7, 2024, Auerbach filed an RTKL request with the City of Philadelphia's Right-to-Know Unit (Unit), through which he sought copies of any written communications that were made during a roughly 5-week-long period in early 2024 between employees of the Philadelphia Sheriff's Office (Office) and two contractors who handle foreclosure sales on the Office's behalf. The Unit then unilaterally extended its response deadline by 30 days, as allowed under the RTKL. Thereafter, Auerbach informed the Unit that he would not agree to any further extensions unless the Unit gave him sufficiently detailed information regarding the defenses and exemptions the Unit intended to raise, as well as a document production schedule. The Unit did not subsequently comply with Auerbach's demands, prompting him to deny the Unit's request for an additional response deadline extension and to file an appeal with the OOR.

The OOR then entered a briefing schedule, which gave Auerbach and the Unit until April 1, 2024, to submit evidence and arguments, and stated that the OOR would issue a final determination by April 19, 2024. On April 1, 2024, the Unit asked the OOR to extend the response deadline to May 15, 2024, due to the "voluminous" nature of Auerbach's request. On April 9, 2024, the OOR appeals officer asked the parties to assent to the Unit's requested extension and to give the OOR until July 8, 2024, to issue a final determination. Auerbach declined, but the appeals officer nevertheless unilaterally extended both deadlines on April 10, 2024.

---

[2] We draw the bulk of this section from the averments Auerbach makes in his PFR. *See generally* PFR.

This prompted Auerbach to file his PFR with our Court, in which he asserts that *PASSHE* contradicts the plain language of Section 1101(b)(1) of the RTKL[3] and requests the aforementioned declaratory and injunctive relief. The OOR then submitted the aforementioned preliminary objections, to which Auerbach responded in opposition. Accordingly, the OOR's preliminary objections are ready for our disposition.

## II. DISCUSSION[4]

The OOR asks that we sustain its preliminary objections for two reasons. First, it asserts that Auerbach failed to exhaust his available statutory remedies, as the RTKL expressly allows a requester to appeal to the appropriate court of common pleas in the event the OOR's inaction has resulted in the deemed denial of an RTKL appeal. Second, it demurs on the basis that Auerbach does not actually seek relief against the OOR, but is instead only attempting to circumvent

---

[3] "Unless the requester agrees otherwise, the appeals officer shall make a final determination which shall be mailed to the requester and the agency within 30 days of receipt of the appeal filed under [65 P.S. § 67.1101(a)]." 65 P.S. § 67.1101(b)(1).

[4] In ruling on preliminary objections, this Court must "accept as true all well-pleaded material allegations in the petition for review and any reasonable inferences that [it] may draw from the averments." *Highley v. Dep't of Transp.*, 195 A.3d 1078, 1082 (Pa. Cmwlth. 2018). However, we are "not bound by legal conclusions, unwarranted inferences from facts, argumentative allegations, or expressions of opinion encompassed in the petition for review." *Id.* This Court should sustain preliminary objections only where "the law makes clear that the petitioner cannot succeed on his claim." *Id.* at 1083. "[W]here any doubt exists as to whether the preliminary objections should be sustained, the doubt must be resolved in favor of overruling the preliminary objections." *Pa. State Lodge, Fraternal Ord. of Police v. Dep't of Conservation & Nat. Res.*, 909 A.2d 413, 416 (Pa. Cmwlth. 2006).

*M.T. v. Pa. State Police*, 298 A.3d 466, 469 n.5 (Pa. Cmwlth. 2023) (cleaned up).

the regular appellate process in an effort to overturn case law with which he disagrees. *See* OOR's Br. at 2-9.

We need only address the OOR's first argument in order to dispose of this matter. A respondent may file preliminary objections to an original jurisdiction PFR on the basis that the petitioner "fail[ed] to exercise or exhaust a statutory remedy[.]" Pa. R.Civ.P. 1028(a)(7); *see* Pa. R.A.P. 1516(b). As we have previously explained, "[a] party may not seek judicial resolution of a dispute until he or she has exhausted available statutory . . . remedies. . . . If a party fails to pursue a statutory remedy, the court is without power to act until the statutory remedies have been exhausted[.]" *Martel v. Allegheny Cnty.*, 216 A.3d 1165, 1172 (Pa. Cmwlth. 2019) (cleaned up). This requirement "not only reflects a recognition of the [G]eneral [A]ssembly's directive of strict compliance with statutorily-prescribed remedies, it also acknowledges that an unjustified failure to follow the [statutory] scheme undercuts the foundation upon which the . . . process was founded." *E. Coast Vapor, LLC v. Pa. Dep't of Revenue*, 189 A.3d 504, 510 (Pa. Cmwlth. 2018) (quoting *Shenango Valley Osteopathic Hosp. v. Dep't of Health*, 451 A.2d 434, 438 (Pa. 1982)).

We agree with the OOR that such a remedy exists here. An appeal is deemed denied under Section 1101(b)(2) of the RTKL in the event "the appeals officer fails to issue a final determination within 30 days[.]" 65 P.S. § 67.1101(b)(2). Furthermore, Section 1302(a) of the RTKL permits a requester to appeal a deemed denial "[w]ithin 30 days . . . of the date a request for access [to local agency records] is deemed denied . . . [to] the court of common pleas for the county where the local agency is located." *Id.* § 67.1302(a). In other words, if Auerbach believes that the OOR's unilateral deadline extension resulted in the deemed denial of his RTKL

4

request, he could appeal that putative denial to the Court of Common Pleas of Philadelphia County (Common Pleas). *Id.* At that point, he could argue that *PASSHE* was both wrongly decided and contradicts the plain language of Section 1101(b)(1) of the RTKL. Though Common Pleas would be bound by *PASSHE* and would therefore be required to treat Auerbach's appeal accordingly, he could then elect to appeal Common Pleas' decision to our Court. *See* 42 Pa.C.S. § 762(a)(4)(ii). Auerbach would then have an opportunity to request that we overrule *PASSHE*, an opportunity which would comport fully with the RTKL (as well as the Judicial Code) and enable him to potentially secure effectively the same relief he seeks through this action.

Even so, Auerbach offers what amounts to two arguments for why he should nevertheless be permitted to pursue this original jurisdiction action. First, he believes that "alternate remedies are no bar to declaratory relief" under Pennsylvania law. Auerbach's Br. at 7 (citing and quoting *Allegheny Ludlum Steel Co. v. Pa. Pub. Util. Comm'n*, 447 A.2d 675, 680 (Pa. 1982), and 42 Pa.C.S. § 7537)). This contention ignores the fact that it is well settled that "the failure to exhaust a statutory or administrative remedy normally bars this Court from hearing claims of declaratory or injunctive relief with respect to agency action[.]" *Cnty. of Berks v. Pa. Off. of Open Recs.*, 204 A.3d 534, 540 (Pa. Cmwlth. 2019). Second, he maintains that no administrative or statutory remedy exists that could be used to compel the OOR to cease granting deadline extensions on a unilateral basis. Auerbach's Br. at 6-8. Again, we disagree. "Our Supreme Court has recognized three exceptions to the doctrine of exhaustion of statutory remedies where (i) the jurisdiction of an agency is challenged, (ii) the constitutionality of the statute is challenged or (iii) the remedy at law is inadequate." *Berks*, 204 A.3d at 540. Auerbach does not raise

5

constitutional or jurisdictional arguments in defense of his PFR, and, as already discussed above, the RTKL appeals process provides an entirely viable statutory remedy that would ultimately enable him to both challenge *PASSHE* and potentially secure a functionally identical outcome to that which he seeks via this action.[5] Accordingly, we sustain the OOR's preliminary objections to the extent the OOR asserts that Auerbach has failed to exhaust an available statutory remedy.

### III. CONCLUSION

In accordance with the foregoing analysis, we dismiss Auerbach's PFR.[6]

**LORI A. DUMAS, Judge**

---

[5] "This Court must also be mindful that accepting a matter in this Court's original jurisdiction confers an appeal as of right to the Supreme Court to the detriment of the efficient administration of justice and 'would crowd cases involving important and unique issues from [the High Court's] allocatur docket.'" *Berks*, 204 A.3d at 540 n.10 (quoting *Gossman v. Lower Chanceford Twp. Bd. of Supervisors*, 469 A.2d 996, 998 (Pa. 1983)).

[6] Due to our disposition of this matter, we decline to rule upon the merits of the OOR's demurrer.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Daniel J. Auerbach,            :
         Petitioner       :
                       :    No. 234 M.D. 2024
      v.                 :
                       :
Pennsylvania Office of Open    :
Records,                     :
         Respondent    :

## O R D E R

AND NOW, this 15th day of December, 2025, it is hereby ORDERED:

1. Respondent Pennsylvania Office of Open Records' (OOR) preliminary objections to Petitioner Daniel J. Auerbach's (Auerbach) Petition for Review (PFR) are sustained, to the extent the OOR asserts therein that Auerbach failed to exhaust an available statutory remedy;

2. Auerbach's PFR is DISMISSED.

 

_____
**LORI A. DUMAS, Judge**